IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| JANE K. DOE,<br>c/o SBWD Law<br>300 E. Lombard St., Ste 1100<br>Baltimore, Maryland 21201<br><br>    *Plaintiff*,<br><br>v.<br><br>BOARD OF EDUCATION OF ANNE<br>ARUNDEL COUNTY, d/b/a ANNE<br>ARUNDEL COUNTY PUBLIC<br>SCHOOLS, d/b/a ANNAPOLIS HIGH<br>SCHOOL,<br><br>    <u>Serve on</u>:<br>    Robert A. Silkworth<br>    Board President<br>    2644 Riva Road<br>    Annapolis, Maryland 21401<br><br>    *Defendant.* | CASE NO.<br><br>**FILED UNDER SEAL**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jane K. Doe[1], by and through her attorneys, Michael J. Belsky, Sarah L. Smith and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant Board of Education of Anne Arundel County d/b/a Anne Arundel County Public Schools ("Defendant AACPS"), for discrimination and retaliation in violation of Title IX of the Education Amendments of 1972 ("Title IX"), and for claims of negligence, negligent hiring, supervision, and/or retention, and vicarious liability, all of which arise from the allegations that give rise to the Title IX claim.

**NATURE OF THE CASE**

---

[1] Plaintiff Jane K. Doe has filed a Motion to Proceed Under a Pseudonym, rather than her legal name, to protect her privacy and safety regarding the instant matter.

1. This is a Title IX action based upon the Defendant's pervasive and objectively offensive acts and omissions, which created a hostile educational environment for Plaintiff Jane K. Doe based on her sex, which deprived her of equal access to the educational opportunities or benefits provided by Defendant AACPS.

## PARTIES

2. Plaintiff Jane K. Doe is, and was, at all times relevant to this Complaint, a resident of Anne Arundel County, Maryland and a student at Annapolis High School.

3. Defendant AACPS is, and was, at all times relevant to this Complaint, a public school district organized under the laws of the State of Maryland. Defendant AACPS is responsible for the administration, management, and operation of public schools in Anne Arundel County, specifically including but not limited to, Annapolis High School, and for providing educational services to students in accordance with state and federal law. The district operates numerous elementary, middle, and high schools and serves tens of thousands of students residing within the county.

## JURISDICTION & VENUE

4. This Court has jurisdiction over Doe's claims pursuant to 28 U.S.C. § 1331 because the matter in controversy arises under the laws of the United States, specifically Title IX, 20 U.S.C. §§ 1681–1688.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant does business within this Court's judicial district and all of the events and omissions giving rise to the instant action occurred in the District of Maryland.

6. Plaintiff has complied with all conditions precedent to the filing of this action, including notice as required by Md. Code Cts. & Jud. Proc. § 5-304. *See* Citizen Claim Form and USPS Return Receipt dated 3/22/2024, collectively attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff was a minor.

8. At all times relevant to this action, Andrew Cizek (hereinafter "Mr. Cizek") was an adult and employed by Defendant AACPS as a teacher.

9. At all relevant times, upon information and belief, AACPS Policy "JCH-RA – Student Complaints Related to Policy, Regulation or Law" stated, in pertinent part:

> **It is the responsibility of the school to prevent** as well as to resolve **complaints** at the lowest administrative level possible. It is critical that each school:
>
> a) develop an educational atmosphere that recognizes the dignity of each individual; and
>
> b) establish an open-door policy with teachers, counselors and administrators for presentation of individual and group expression.

*See* "Policy JCH-RA – Student Complaints Related to Policy, Regulation or Law" at ¶C.2.(a)-(b), attached hereto as **Exhibit 2** (emphasis added).

10. At all relevant times, upon information and belief, AACPS policy "JP – Sexual Harassment and Misconduct" required that any allegation of sexual harassment or misconduct be addressed in accordance with procedures set forth in "Regulation JO-RA – Bias Behavior and Language." *See* "Policy JP – Sexual Harassment and Misconduct" at ¶ C.3, attached hereto as **Exhibit 3**. The policy further states:

> **Complaints alleging sexual harassment or misconduct by an AACPS employee**, volunteer, or other third party **shall be reported to the Office of Investigations for appropriate action**. Such complaints **shall also be reported to the Equal Employment Opportunity Compliance Office and shall be addressed in accordance with Policy JCH – Student Complaints Related to Policy, Regulation, or Law.**

3

**Exhibit 3** at ¶ C.7 (emphasis added).

11. At all relevant times, upon information and belief, "Regulation JO-RA – Bias Behavior and Language" required the following in response to reports of sexual harassment or misconduct to staff:

> If a student reports that the student is the victim of bias behavior or language, the school staff member **shall respond quickly and appropriately**, and **report the incident immediately to the principal or the principal's designee**. The staff member shall make an effort to **provide the student with practical, safe, private, and age-appropriate way of reporting** the incident.

*See* "Regulation JO-RA – Bias Behavior and Language" at ¶ D.1.a, attached hereto as **Exhibit 4** (emphasis added).

12. Upon information and belief, while Mr. Cizek was a teacher employed by Defendant AACPS, Mr. Cizek was investigated by Defendant AACPS for allegedly having an inappropriate relationship with a female student in 2012. The student claimed she was in a relationship with Mr. Cizek on Twitter. Mr. Cizek was reassigned to an administrative position for a period of time, but was reinstated and allowed to have contact with students.

13. Plaintiff was accepted into and enrolled in the IB Program at Annapolis High School in the Fall of 2021 as a 10th grader, with a particular interest in Film. The availability of film classes and the IB Program were the primary reasons Plaintiff applied to attend Annapolis High School. The IB program is a prestigious, competitive program designed to prepare students for secondary education. Throughout her 10th grade year, Plaintiff's academic performance was exceptional, obtaining A's and B's in every class in which she was enrolled.

14. Upon information and belief, Mr. Cizek was assigned to teach the IB Film 1 Class, in which Plaintiff planned to enroll in the Fall of 2022, as an 11th grader.

4

15. Prior to the start of the 2022-2023 academic school year, Plaintiff contacted Mr. Cizek to express interest in the IB Film 1 Class. Mr. Cizek responded and invited her for a social visit outside of school activities. Plaintiff declined.

16. Plaintiff began the 2022-2023 academic school as an 11$^h$ grader and enrolled in Mr. Cizek's IB Film 1 Class.

17. In approximately March 2023, upon information and belief, Mr. Cizek and Plaintiff were working together to film the school's musical production. This project required Mr. Cizek and Plaintiff to work together after regular school hours, while on school property.

18. Mr. Cizek gave his personal cell phone number to Plaintiff to facilitate communication outside of school hours. This exchange is highly inappropriate and was the beginning of Mr. Cizek's emotional and psychological manipulation of Plaintiff.

19. Following March 2023, Mr. Cizek continued to contact Plaintiff by text and phone calls outside of school hours regarding personal matters.

20. During the 2022-2023 academic year, Mr. Cizek began to touch Plaintiff, including rubbing her shoulders and neck without consent. This touching occurred on school grounds, during school hours, and in the presence of other students and faculty.

21. In the Spring of 2023, Plaintiff and one other student were alone with Mr. Cizek in his classroom after class had ended. Plaintiff and the other student began to leave the classroom, but Mr. Cizek prevented Plaintiff from following her classmate out the door, shutting it behind the other student, effectively trapping Plaintiff in Mr. Cizek's classroom with him. Mr. Cizek positioned himself between Plaintiff and the closed door and proceeded to tell Plaintiff he was seven (7) years sober but had "done a lot of drugs" as a college student, ostensibly promoting the importance of sobriety to Plaintiff.

22. As a result of this incident, Plaintiff believed that Mr. Cizek was under the false impression that she was using illicit drugs. Plaintiff was fearful that Mr. Cizek would report her for illegal drug use, and felt compelled to send a text message to Mr. Cizek denying same.

23. Mr. Cizek continued to contact Plaintiff through text and phone calls through the end of the 2022-2023 academic year.

24. Mr. Cizek also continued to contact Plaintiff during the Summer of 2023 when Plaintiff was not enrolled in any classes taught by Mr. Cizek.

25. During the Summer of 2023, Mr. Cizek would become aggressive and aggravated if Plaintiff did not respond to his text messages and phone calls, particularly if Plaintiff did not respond for several hours.

26. On or about June 1, 2023, at 9:49 a.m., Mr. Cizek texted Plaintiff the following:

> Mr. Cizek:   where are you
>
> Mr. Cizek:   Also I hate being aggro [aggressive] with my "notify anyway" button

27. On or about June 6, 2023 at 3:00 p.m., the following exchange occurred via text message:

> Mr. Cizek:   who is up there
> Mr. Cizek:   how is up there
> Mr. Cizek:   when is up there
> Mr. Cizek:   TELL ME NOW BELIEVE ME LATER
> Mr. Cizek:   DO IT NOW
> Plaintiff:   do you press the notify anyways [sic] button
> Plaintiff:   cause you know my hours
> Plaintiff:   up her [sic] is great it's me [name redacted] and someone in the corner

28. In the Fall of 2023, Plaintiff was a 12th grader at Annapolis High School. At the start of the school year, Mr. Cizek complained to Plaintiff that she had not sufficiently kept in touch

6

with him during the summer months, making comments that she had "ghosted" him. This exchange was highly inappropriate and was a continuation of Mr. Cizek's emotional and psychological manipulation of Plaintiff.

29. During Fall, 2023, Plaintiff was employed at a local swimming pool. Plaintiff would silence notifications on her personal cell phone during working hours as requested by her employer. When Mr. Cizek was unable to reach Plaintiff while she was working, he called the business's phone, resulting in Plaintiff being reprimanded. Plaintiff requested that Mr. Cizek stop attempting to contact her while at work, but he ignored her request. On one occasion, after being asked to stop contacting Plaintiff at work, Mr. Cizek went to Plaintiff's job. Plaintiff asked him to leave.

30. During the 2023-2024 academic year, Mr. Cizek continued to touch Plaintiff, including rubbing her shoulders and neck without consent. This touching occurred on school grounds, during school hours, and in the presence of other students and faculty.

31. During the 2023-2024 academic year, Mr. Cizek extended numerous invitations to Plaintiff to socialize outside of school, including, but not limited to, dinner at his home, ostensibly with his wife. Upon information and belief, Mr. Cizek has also invited other female students to his home.

32. Upon information and belief, Marlene Ramey ("Ms. Ramey"), a teacher at AACPS, witnessed Mr. Cizek give his personal cell phone number to a female student, who was fourteen (14) years old at the time.

33. Upon information and belief, Ms. Ramey reported this incident to Kathleen Richburg ("Ms. Richburg"). Ms. Richburg is/was a counselor at Annapolis High School whose office is located in the Principal's suite.

34. Upon information and belief, Ms. Richburg discouraged Ms. Ramey from reporting the incident to anyone else at the school, informing Ms. Ramey she would "take care of it," implying she would report Mr. Cizek's behavior.

35. Upon information and belief, Ms. Ramey relied upon Ms. Richburg's representation that she would report Mr. Cizek and did not do so herself.

36. In violation of school policy, Ms. Richburg did not report Mr. Cizek's behavior.

37. On October 9, 2023, Plaintiff reported Mr. Cizek's harassment to Ms. Richburg. Another student accompanied Plaintiff to report Mr. Cizek's behavior.

38. In violation of school policy, Ms. Richburg dismissed Plaintiff's report, informing her that Mr. Cizek was a friend and that his behavior was unintentional. Ms. Richburg informed Plaintiff that reporting Mr. Cizek could result in disciplinary action, further discouraging Plaintiff from reporting Mr. Cizek.

39. Plaintiff left Ms. Richburg's office without resolving her complaint against Mr. Cizek.

40. Following her attempt to report Mr. Cizek's conduct to Ms. Richburg, Plaintiff's friend, who had accompanied her to speak with Ms. Richburg, called her own mother who came to the school to speak with Plaintiff and her friend. This adult contacted Plaintiff's mother, who then came to the school.

41. Upon arriving, Plaintiff and her mother met with the assistant principal, Mandy Joe ("Ms. Joe"). This meeting lasted approximately two (2) hours.

42. On or about October 11, 2023, the principal, Audra Whayland ("Ms. Whayland") contacted Plaintiff and her mother and informed them that Mr. Cizek would be suspended while the school investigated Mr. Cizek's conduct.

43. Upon information and belief, Child Protective Services ("CPS") also began its own investigation into Mr. Cizek's conduct. Upon further information and belief, CPS investigated Mr. Cizek's contact and conduct with Plaintiff as well as one other female student.

44. Following Mr. Cizek's suspension and the ensuing investigation, students were able to surmise that Plaintiff had been the initial complainant against Mr. Cizek and was the reason for his suspension.

45. Plaintiff was ostracized by other students, and her previously exceptional academic record deteriorated as a direct result of Defendant AACPS' failure to keep her identity confidential.

46. As a direct and proximate result of Defendant AACPS' failure to keep her identity confidential, Plaintiff stopped attending school in person and withdrew from the IB program.

47. On February 14, 2024, the Anne Arundel County Department of Social Services found that Child Sexual Abuse by Mr. Cizek was indicated.

48. As a direct and proximate of Mr. Cizek's abuse and Defendant AACPS' failure to properly respond to Plaintiff's allegations and protect her identity, Plaintiff has suffered from and/or continues to suffer from:

    a. Depression;

    b. Anxiety;

    c. Panic attacks;

    d. Emotional and psychological trauma.

    e. Repeated absences;

    f. Poor academic performance;

    g. Withdrawal from the IB program; and

    h. Withdrawal from in-person instruction at Annapolis High School.

## COUNT I – VIOLATION OF TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 20 U.S.C. § 1681, *et seq.*

Plaintiff Jane K. Doe, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant AACPS, for violation of Title IX of the Educational Amendments of 20 U.S.C. § 1681 *et seq*. ("Title IX"), and incorporates the foregoing paragraphs as if fully set forth herein and further states as follows:

49. Defendant AACPS was a recipient of federal funds, within the meaning of 20 U.S.C. § 1681 (a).

50. At all relevant times, Plaintiff was a student enrolled at Defendant AACPS.

51. Title IX requires that public schools, including Defendant AACPS, maintain an environment free from sex discrimination for all faculty, staff, and students. Under Title IX, discrimination on the basis of sex includes Title IX Sexual Harassment. Sexual harassment is also prohibited by Title VII of the Civil Rights Act of 1964 and by State law.

52. Plaintiff was subjected to harassment based on her sex through the inappropriate conduct of Mr. Cizek, as described above, as well as the failures of Defendant AACPS' agents, servants and/or employees which include, but are not limited to:

   a. Failure to prevent a culture where inappropriate behavior by teachers, such as Mr. Cizek, was tolerated, permitted, and/or normalized;

   b. Failure to respond to complaints regarding Mr. Cizek's inappropriate and harassing behavior; and

   c. Failure to protect Plaintiff's identity following her complaint to AACPS regarding Mr. Cizek's behavior resulting in Plaintiff being subjected to harassment by other students.

53. Defendant AACPS, by its actions and/or inactions, created a climate where harassing behavior on the basis of sex was tolerated, thus encouraging repeated misconduct and proximately causing injury to Plaintiff as further described above.

54. Upon information and belief, one or more actual and/or apparent agents, servants and/or employees of Defendant AACPS knew or should have known that Plaintiff was subjected to such harassment and failed to take appropriate and/or necessary action to prevent such harassment, creating a hostile environment for Plaintiff.

55. Defendant AACPS' failures amounted to deliberate indifference toward the unlawful conduct that was occurring and/or likely to occur. Defendant AACPS failed to enact, disseminate, and/or implement proper and/or adequate policies to discover, prohibit, or remedy the harassment Plaintiff suffered.

56. Defendant AACPS further failed to properly enact, disseminate, and/or implement proper and/or adequate policies to prevent Mr. Cizek from harassing female students, specifically including but not limited to Plaintiff.

57. As a direct and proximate result of Defendant AACPS' actions, inactions and/or deliberate indifference, Plaintiff was caused harm including, but not limited to:

    a. Repeated absences;

    b. Poor academic performance;

    c. Withdrawal from the IB program;

    d. Withdrawal from in-person instruction at Annapolis High School;

    e. Depression;

    f. Anxiety;

    g. Panic attacks; and

    h. Emotional and psychological trauma.

58. Plaintiff further states that all of her related injuries, past, present, and future, are and will be a direct and proximate result of the negligent acts and/or omissions of Defendant

AACPS without any negligence, contribution, assumption of risk, or want of due care, on the part of Plaintiff.

**WHEREFORE**, Plaintiff Jane K. Doe demands judgment against Defendant AACPS, for economic and non-economic damages in excess of the amount of Seventy-Five Thousand Dollars ($75,000.00), with interest and costs.

## COUNT II – NEGLIGENCE

Plaintiff Jane K. Doe, by and through her attorneys, Michael J. Belsky, Sarah L. Smith and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant AACPS, for negligence, and incorporates the foregoing paragraphs as if fully set forth herein and further states as follows:

59. Defendant AACPS, and its actual and/or apparent agents, including, but not limited to, Ms. Richburg, owed Plaintiff a duty of care commensurate with the law, including, but not limited to, ensuring her safety as a student and protecting her from foreseeable harm.

60. Defendant AACPS, and its actual and/or apparent agents, including, but not limited to, Ms. Richburg, owed Plaintiff a duty to create a safe environment, including the Plaintiff, free from prohibited conduct (including, but not limited to, discrimination, sexual harassment, stalking, and retaliation) so as not to cause damage or injury to its students, and to handle such complaints with reasonable care.

61. Defendant AACPS had actual and/or constructive notice that Mr. Cizek engaged in inappropriate and harassing behavior of students in violation of AACPS policies.

62. Defendant AACPS had actual and/or constructive notice that Ms. Richburg failed to report Mr. Cizek's inappropriate conduct in the Summer of 2023, before he was reported by Plaintiff.

63. Defendant AACPS, and its actual and/or apparent agents, including, but not limited to, Ms. Richburg, violated its duty to protect its students, specifically including the Plaintiff, from harm. Defendant AACPS, and its actual and/or apparent agents, including, but not limited to, Ms. Richburg, breached this duty by:

   a. Failing to properly supervise Mr. Cizek while performing his duties as an employee of Defendant AACPS;

   b. Failing to institute and/or enforce policies regarding physical contact between teachers and students;

   c. Failing to institute and/or enforce policies regarding fraternization between teachers and students outside of academic and/or extracurricular activities;

   d. Failing to institute and/or enforce policies to prevent a culture where inappropriate behavior by teachers, such as Mr. Cizek, was tolerated, permitted and/or normalized;

   e. Failing to ensure that students reporting inappropriate behavior were able to do so in a practical, safe, private and age-appropriate way;

   f. Failing to protect Plaintiff from predatory and/or grooming behavior by Mr. Cizek;

   g. Failing to protect Plaintiff's identity following her report of Mr. Cizek's behavior;

   h. Failing to take reasonable steps to ensure that its agents, servants and/or employees, including but not limited to, Mr. Cizek and Ms. Richburg, complied with school policies, specifically including, but not limited to, AACPS Policy "JCH-RA – Student Complaints Related to Policy, Regulation or Law", AACPS Policy JP – Sexual Harassment and Misconduct, and/or AACPS Regulation "JO-RA – Bias Behavior and Language";

   i. Failing to prevent retaliation against Plaintiff following her report of Mr. Cizek's behavior; and

   j. Acting in an otherwise careless, reckless, and/or negligent manner.

64. As a direct and proximate result of the negligent acts and/or omissions of Defendant AACPS, Plaintiff was caused harm including, but not limited to:

   a. Repeated absences;

   b. Poor academic performance;

    c. Withdrawal from the IB program;

    d. Withdrawal from in-person instruction at Annapolis High School;

    e. Depression;

    f. Anxiety;

    g. Panic attacks; and

    h. Emotional and psychological trauma.

65. Plaintiff further states that all of her related injuries, past, present, and future, are and will be a direct and proximate result of the negligent acts and/or omissions of Defendant AACPS without any negligence, contribution, assumption of risk, or want of due care, on the part of Plaintiff.

**WHEREFORE**, Plaintiff Jane K. Doe demands judgment against Defendant AACPS, for economic and non-economic damages in excess of the amount of Seventy-Five Thousand Dollars ($75,000.00), with interest and costs.

## COUNT III – NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

Plaintiff Jane K. Doe, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant AACPS, for negligent hiring, supervision, and/or retention, and incorporates the foregoing paragraphs as if fully set forth herein and further states as follows:

66. Defendant AACPS owed Plaintiff a duty to use reasonable care in hiring, supervising and/or retaining its actual and/or apparent agents, servants, and/or employees. Defendant AACPS, and its actual and/or apparent agents, including, but not limited to, Ms. Richburg, breached this duty by:

    a. Failing to perform appropriate background checks which would have revealed Mr. Cizek's propensity to pursue inappropriate relationships with female students;

    b. Failing to institute and/or enforce policies regarding physical contact between teachers and students;

    c. Failing to institute and/or enforce policies regarding fraternization between teachers and students outside of academic and/or extracurricular activities;

    d. Failing to institute and/or enforce policies to prevent a culture where inappropriate behavior by teachers, such as Mr. Cizek, was tolerated, permitted and/or normalized;

    e. Failing to take reasonable steps to ensure that its agents, servants, and/or employees, including, but not limited to, Mr. Cizek and Ms. Richburg, complied with school policies, specifically including, but not limited to, AACPS Policy "JCH-RA – Student Complaints Related to Policy, Regulation or Law", AACPS Policy Policy JP – Sexual Harassment and Misconduct, and/or AACPS Regulation "JO-RA – Bias Behavior and Language";

    f. Failing to protect Plaintiff from predatory and/or grooming behavior by Mr. Cizek; and

    g. Acting in an otherwise careless, reckless, and/or negligent manner.

67. As a direct and proximate result of the negligent acts and/or omissions of Defendant AACPS, Plaintiff was caused harm including, but not limited to:

    a. Repeated absences;

    b. Poor academic performance;

    c. Withdrawal from the IB program;

    d. Withdrawal from in-person instruction at Annapolis High School;

    e. Depression;

    f. Anxiety;

    g. Panic attacks; and

    h. Emotional and psychological trauma.

68. Plaintiff further states that all of her related injuries, past, present, and future, are and will be a direct and proximate result of the negligent acts and/or omissions of Defendant

AACPS without any negligence, contribution, assumption of risk, or want of due care, on the part of Plaintiff.

**WHEREFORE**, Plaintiff Jane K. Doe demands judgment against Defendant AACPS, for economic and non-economic damages in excess of the amount of Seventy-Five Thousand Dollars ($75,000.00), with interest and costs.

### COUNT IV – VICARIOUS LIABILITY

Plaintiff Jane K. Doe, by and through her attorneys, Michael J. Belsky, Sarah L. Smith, and Schlachman, Belsky, Weiner & Davey, P.A., hereby sues Defendant AACPS, for vicarious liability, and incorporates the foregoing paragraphs as if fully set forth herein and further states as follows:

69. At all times relevant to this complaint, Mr. Cizek and Ms. Richburg were acting as an actual and/or apparent agent of Defendant AACPS.

70. Mr. Cizek repeatedly contacted Plaintiff in an inappropriate and harassing manner during the school year and during school hours.

71. Mr. Cizek touched Plaintiff, including rubbing her shoulders and neck, without consent. This touching occurred on school grounds, during school hours, and in the presence of other students and faculty.

72. Mr. Cizek's conduct occurred within the course and scope of his employment with Defendant AACPS as it occurred during the school year, on school grounds and during school hours.

73. Ms. Richburg failed to comply with school policy as stated above by failing to report Mr. Cizek's behavior on at least two (2) occasions.

74. Ms. Richburg's conduct occurred within the course and scope of her employment with AACPS as it occurred during the school year, on school grounds and during school hours.

75. Accordingly, AACPS is vicariously liable for the conduct of Mr. Cizek and/or Ms. Richburg.

76. As a direct and proximate result of the negligent acts and/or omissions of Defendant AACPS, by and through its agents, servants and/or employees, specifically including, but not limited to, Mr. Cizek and/or Ms. Richburg, Plaintiff was caused harm including, but not limited to:

   a. Repeated absences;
   b. Poor academic performance;
   c. Withdrawal from the IB program;
   d. Withdrawal from in-person instruction at Annapolis High School;
   e. Depression;
   f. Anxiety;
   g. Panic attacks; and
   h. Emotional and psychological trauma.

77. Plaintiff further states that all of her related injuries, past, present, and future, are and will be a direct and proximate result of the negligent acts and/or omissions of Defendant AACPS without any negligence, contribution, assumption of risk, or want of due care, on the part of Plaintiff.

**WHEREFORE**, Plaintiff Jane K. Doe demands judgment against Defendant AACPS, for economic and non-economic damages in excess of the amount of Seventy-Five Thousand Dollars ($75,000.00), with interest and costs

## **JURY DEMAND**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

 /s/ Sarah L. Smith
Michael J. Belsky, Esq. (Bar No. 24940)
Sarah L. Smith, Esq. (Bar No. 19749)
Schlachman, Belsky, Weiner & Davey, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
P: (410) 685-2022
F: (410) 783-4771
mbelsky@sbwdlaw.com
ssmith@sbwdlaw.com
*Attorneys for Plaintiff*