IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANE K. DOE,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-01703-JRR |
| **BOARD OF EDUCATION OF ANNE ARUNDEL COUNTY,** | |
| *Defendant*. | |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's Motion to Proceed Under Pseudonym. (ECF No. 3; the "Motion.")[1] The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

### I.  BACKGROUND

On May 29, 2025, Plaintiff Jane K. Doe filed the Complaint against Defendant Anne Arundel County Board of Education alleging discrimination and retaliation in violation of Title IX of the Education Amendments of 1972 ("Title IX"). (ECF No. 1.) At all times relevant to the allegations, Doe was a minor. *Id.* ¶ 4.[2] The allegations in the Complaint concern harassment and abuse of Doe by a teacher employed by Defendant when Doe was a high school student. *Id.* ¶ 5. Along with the Complaint, Plaintiff filed her Motion to Proceed Under Pseudonym (ECF No. 3) to permit Plaintiff to proceed as "Jane K. Doe" in this action, as the litigation will involve "information of a sensitive and highly personal nature." *Id.* ¶ 2.

---

[1] The Motion is titled in full "Plaintiff's Motion for Permission to File Plaintiff's Motion to Proceed Under Pseudonym Under Seal" (ECF No. 3). In view of the relief sought, the court construes the Motion as a motion to proceed under pseudonym.

[2] Federal Rule of Civil Procedure 5.2(a)(3) requires that a filing may only include a minor's initials. FED. R. CIV. P. 5.2(a)(3). Here, however, Plaintiff does not allege she is currently a minor and thus seeks to proceed under the pseudonym "Jane K. Doe" instead of her initials.

**II.    ANALYSIS**

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). In exceptional circumstances, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). In considering a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

The Fourth Circuit provides five non-exhaustive factors that courts should consider to determine whether to grant a request to proceed pseudonymously:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiff's request to proceed by pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Courts have found that allegations involving sexual misconduct satisfy this factor. *See E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (concluding that the intervening plaintiff "will remain anonymous in the pleadings, motions, docket entries, and all

written materials filed in this case" where she "seeks to preserve her privacy in a highly sensitive and personal matter involving sexual assault"); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule"); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405–406 (S.D.N.Y. 2019) (noting that allegations involving sexual assault, sexual harassment, and related ridicule "are highly sensitive and of extremely personal nature to the Plaintiff"); *Alger*, 317 F.R.D. at 40 (finding that the first factor weighs in favor of anonymity where the plaintiff's allegations involve sexual misconduct). While the court notes that Doe is not now a minor, courts have also recognized that minors' medical information and educational records related to medical conditions concern sensitive, highly personal information. *Cf. Heward v. Bd. of Educ. of Anne Arundel Cnty.*, No. CV ELH-23-00195, 2023 WL 6067072, at *3 (D. Md. Sept. 15, 2023) ("[C]ourts have found a compelling government interest in sealing personal information, especially when relating to minors."); *A.P.G. by Jones v. Fisher-Price, Inc.*, No. 3:22CV112 (DJN), 2023 WL 4406023, at *4 (E.D. Va. July 7, 2023) ("[C]ourts have held that minors' privacy interests in medical and financial information sufficiently outweigh the common law right of access." (citation omitted)).

In the instant case, Plaintiff's allegations pertain to the aforementioned sensitive topics—sexual harassment and a minor's medical information and educational records. (ECF No. 3 ¶¶ 1, 4.) The court concludes that Plaintiff's allegations concern a matter of a highly sensitive and personal nature; therefore, the first factor weighs in favor of allowing Plaintiff to proceed by pseudonym. *James*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory

physical or mental harm" to Plaintiff. *Id.*  While reputational risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [her] sensitive" information "made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013).  Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *2 (D. Md. Feb. 26, 2020).  Plaintiff asserts that if her identity is not protected in this litigation, she will experience continued severe mental anguish including depression, anxiety, and panic attacks.  (ECF No. 3 ¶ 4.)  *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*.  Therefore, the second factor weighs in favor of the Motion.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238;  *see Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) ("[F]ictitious names are often allowed when necessary to protect the privacy of children . . . "(citations omitted)).  While Plaintiff is not currently a minor, she was at all times relevant to the alleged abuse.  (ECF No. 3 ¶ 4.)  And courts have found the third factor to weigh in favor of young adults in view of the Federal Rule of Civil Procedure's provision allowing minors to use only their initials in filings absent court order directing otherwise. *Alger*, 317 F.R.D. at 41.  Accordingly, the third factor weighs in favor of allowing Plaintiff to proceed by pseudonym.

The fourth *James* factor considers whether Plaintiff's action is against a governmental entity or, instead, a private party whose reputation may be harmed unfairly if Plaintiffs are permitted to proceed anonymously.  "[C]ourts in general are less likely to grant a plaintiff

4

permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). This action is against a government entity; thus the fourth factor weighs in favor of allowing Plaintiff to proceed under pseudonym.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." 6 F.3d at 238. Where Defendant knows the true identity of Plaintiff, and is "fully capable of investigating and responding to the allegations," there is no risk of prejudice to Defendant's defense. *Spoa, LLC*, 2013 WL 5634337, at *3; *see Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Here, Plaintiff alleges that Defendant knows the identify of Plaintiff (ECF No. 3 ¶ 6) and Defendant has not responded to (*i.e.,* not contested) the Motion. Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *James* factors, the court concludes that this case implicates Plaintiff's privacy interests pertaining to sensitive and personal matters, which "substantially outweigh the presumption of open judicial proceedings." *Pub. Citizen*, 749 F.3d at 274, *supra*. Accordingly, allowing Plaintiff to proceed in this action as Jane K. Doe is warranted. The court will order that any document that identifies Plaintiff by name, in whole or in part, shall be filed under seal, with copies redacted of Plaintiff's true name to be placed in the public file.

## III. CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion for Permission to File Plaintiff's Motion to Proceed Under Pseudonym Under Seal" (ECF No. 3), will be granted.

/S/

July 7, 2025

_____
Julie R. Rubin
United States District Judge